UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61903-CV-COHN

JAMES FALIN, individually and as
Attorney-in-Fact for ANTOINETTE FALIN,

Magistrate Judge Seltzer

Plaintiff,

vs.

CONDOMINIUM ASSOCIATION OF
LA MER ESTATES, INC. and KEVIN RATHVON,

Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants' Rule 12(b) Motion to Dismiss [DE 5], Plaintiff's Response [DE 12], and Defendants' Reply [DE 14]. The Court has carefully considered the motion, response, and reply, and is otherwise fully advised in the premises. This motion became ripe on October 27, 2011.

### I. BACKGROUND

This case involves a dispute between James Falin, individually and as attorney-in-fact for his disabled mother, Antoinette Falin, and a condominium association known as La Mer Estates, Inc. ("La Mer") and La Mer's community association manager, Kevin Rathvon (collectively, "Defendants"). James Falin contends that Defendants discriminated against him and his mother by refusing to approve a lease of two apartments because of his mother's disabilities.

The Falins submitted an application in late October of 2010 to rent two units in La Mer, one for Antoinette Falin and one for James Falin, her son. Antoinette is 95 years old, suffering from both mental and physical disabilities, and uses the aid of an

emotional support dog for which she has a doctor's prescription.  Complaint, ¶¶ 7, 10. The lease for James Falin's unit was conditioned on approval of the lease for both units.  Id., ¶ 15.  Along with their rental application, the Falins requested a reasonable accommodation from Defendant La Mer's no pet policy for the dog to live with Ms. Falin.  Id., ¶ 10.  On November 15, 2010, Plaintiff sent a letter stating that both he and his mother were available for interviews and explained that the support dog can hardly walk and never would leave the apartment.  Id., ¶ 13.  On November 19, 2010, Defendant Rathvon wrote on behalf of Defendant La Mer that the application of Antoinette Falin was denied.  Id., ¶ 14.  Defendants left open the possibility of approving James Falin's application if he would amend his application to remove the condition that both applications be approved.  Id., ¶ 15.  After James Falin's counsel wrote a letter demanding reconsideration in light of Antoinette Falin's rights as a disabled person, Defendant Rathvon "on behalf of La Mer informed James Falin that La Mer reconfirmed the decision to deny the rental. . . ."  Id., ¶¶ 16-17.

     Plaintiff James Falin filed this action against both La Mer and Kevin Rathvon for alleged violations of the federal, state and local Fair Housing Acts by failing to make a reasonable accommodation of La Mer's no pet rule, and by denying or making a dwelling unavailable for rental by a person with a disability.  The federal and state statutes governing this claim are identical.  Compare 42 U.S.C. § 3604(f)(3)(B) with Fla. Stat. § 760.23(9)(b); and 42 U.S.C. § 3604(f)(1) with Fla. Stat. § 760.23(7).  Defendants have raised several arguments in support of their motion to dismiss.

## II.  DISCUSSION

Defendants have moved to dismiss Mr. Falin in his individual capacity because he has no disability himself and his application to lease was never denied.  Defendants have also sought to dismiss Defendant Rathvon, as all of his actions were taken on behalf of Defendant La Mer.  Finally, Defendants contend that Mr. Falin lacks standing as an attorney-in-fact to bring a claim under his own name.

### A.  Motion to Dismiss Standard

Pursuant to the United States Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), to survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

## B.  Fair Housing Act Standing

Defendants contend that Mr. Falin has no individual claim because he has no disability and his application was not denied.  While it is true that Mr. Falin does not have a disability, the federal and state statutes at issue specifically grant him standing as a "person associated with that [handicapped] buyer or renter."  42 U.S.C. § 3604(f)(1)(C); Fla. Stat. § 760.23(7)(c).  Based upon the allegations of the Complaint, Mr. Falin is clearly associated with his mother.  His application to rent was contingent upon the approval of the application of his mother.  At this motion to dismiss stage, the Court must deny the motion to dismiss as to Mr. Falin in his individual capacity.

Defendants also assert that Mr. Falin's status as an attorney-in-fact for Antoinette Falin does not create Article III standing because a person holding a power of attorney does not have the right to sue in his or her own name.  Judge Kenneth Marra of the Southern District of Florida reached this conclusion in two unpublished opinions.  Kleopa v. Prudential Inv. Management, Inc., 2009 WL 2242606, n.5 (S.D. Fla. July 27, 2009); Luria-Akin v. Devonshire at PGA Nat., LLC, 2008 WL 1745063, *2 (S.D. Fla. April 11, 2008).  Plaintiff does not address this argument in his response.  Rather, Plaintiff appears to rely on the broad standing conferred by the Fair Housing Act.  However, although the Fair Housing Act may convey standing on a "person" associated with a handicapped person, the Fair Housing Act does not provide an answer as to whether someone acting as an attorney-in-fact for a handicapped person can sue in his own name, as opposed to suing in the name of the handicapped person.

The Court concludes that Mr. Falin's individual claims can go forward as he is associated with a handicapped person.  However, Plaintiff has not cited to any authority

4

that would allow him to bring a claim under his own name as attorney-in-fact for Antoinette Falin. Those claims are dismissed without prejudice.[1]

### C. Individual Liability under the Fair Housing Act

Defendants also move to dismiss individual defendant Kevin Rathvon from this action. Rathvon contends that the Complaint merely alleges that he took action on behalf of Defendant La Mer. Whether an individual agent can be held liable depends upon whether he personally committed or contributed to a Fair Housing Act violation. Housing Opportunities Project for Excellence, Inc. v. Key Colony #4 Condominium, 510 F.Supp.2d 1003, 1013-14 (S.D.Fla. 2007) (citing Dillon v. AFBIC Development Corp., 597 F.2d 556, 562 (5th Cir. 1979)). The Complaint alleges that Rathvon wrote the denial letter on behalf of La Mer and the letter reconfirming the denial, both with knowledge that a Fair Housing Act issue had been raised. Compl, ¶¶ 14, 17, 18. These allegations are sufficient under the Fair Housing Act case law and under Twombly and Iqbal to deny the motion to dismiss individual defendant Kevin Rathvon.

### III. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Defendants' Rule 12(b) Motion to Dismiss [DE 5] is hereby **GRANTED in part** as to the claims brought by James Falin in his capacity as attorney-in-fact for Antoinette Falin, and **DENIED** in all other respects;

---

[1] It will be Plaintiff's decision to determine the appropriate legal arrangement to allow Mr. Falin to seek standing to pursue the claims of Antoinette Falin.

2. Defendants shall respond to the Complaint by November 22, 2011.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of November, 2011.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:
counsel of record