UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61903-CV-COHN

JAMES FALIN, individually and as
Attorney-in-Fact for ANTOINETTE FALIN,                    Magistrate Judge Seltzer

      Plaintiff,

vs.

CONDOMINIUM ASSOCIATION OF
LA MER ESTATES, INC. and KEVIN RATHVON,

      Defendant.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**
**ORDER DENYING THIRD MOTION FOR SANCTIONS**
**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME**

**THIS CAUSE** is before the Court upon Defendants' Motion for Reconsideration of Order Overruling Objection and Request for Ruling Regarding Limitation of Depositions and Request for Expedited Consideration [DE 64], Plaintiff's Response to Defendants' Motion for Reconsideration and Plaintiff's Third Motion for Sanctions [DE 66], Plaintiff's Verified Motion for Extension of Time to File Response to Motion for Summary Judgment [DE 60], and Defendants' Response to Plaintiff's Motion [DE 65]. The Court has carefully considered the matter and is otherwise fully advised in the premises.

**I. BACKGROUND**

As previously described in prior Orders of this Court, this case involves a dispute between James Falin, individually and as attorney-in-fact for his disabled mother, Antoinette Falin, and a condominium association known as La Mer Estates, Inc. ("La Mer") and La Mer's community association manager, Kevin Rathvon (collectively,

"Defendants").  James Falin contends that Defendants discriminated against him and his mother by refusing to approve a lease of two apartments because of his mother's use of a small emotional support dog.  Defendants deny any discrimination occurred.[1]

The Court recently overruled Defendants' objection to a discovery sanctions Order entered by United States Magistrate Judge Barry Seltzer as a result of Defendants' counsel's overused objections of attorney-client privilege.  The Magistrate denied Plaintiff's request to strike Defendants' pleadings and award $27,068.72 incurred in costs, but directed that the depositions of La Mer's board members be retaken with Defendants bearing the costs [DE 57].  Defendants now seek reconsideration and modification of this Court's ruling.

## II.  DISCUSSION

### A.  Motion for Reconsideration Standard

There are three grounds which justify the filing of a motion for reconsideration: "1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice."  Williams v. Cruise Ships Catering & Service Int'l, N.V., 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004); Reyher v. Equitable Life Assur. Soc., 900 F. Supp. 428, 430 (M.D. Fla. 1995).  A motion for reconsideration is not intended to be a tool for relitigating what a court has already decided.  Reyher, 900 F. Supp. at 430.  Rather, it "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Id. (internal quotations omitted).

---

[1] For further background on this action, please see Order Granting in Part and Denying in Part Motion to Dismiss [DE 15].

Defendants assert in their latest filing that they are dropping all five of the affirmative defenses that this Court cited to in its Order as justification for allowing Plaintiff to depose the board members of Defendant La Mer on these issues. See Order at p. 3-4 [DE 63]. Defendants contend their action is akin to newly discovered evidence that merits reconsideration by the Court. Defendants argue that without those affirmative defenses in the case, the Court's ruling that Defendants have waived attorney-client privilege would be an error of law or manifest injustice. Defendants also renew their request that the time allotted for each of the six depositions be reduced from three hours each to one hour each.

Plaintiff opposes the motion and seeks additional sanctions against Defendants for continuing to delay the ability of Plaintiff to take these depositions. Plaintiff contends that he needs to take these depositions to fully defend Defendant's Motion for Summary Judgment.[2] In addition, Plaintiff objects to Defendants' attempt to force Plaintiff's counsel to take these depositions on short notice (i.e., tomorrow) and over a continuous 12 hour period. See Defendants' Notice of Taking Depositions in Accordance with March 1, 2012 Order [DE 67].

### B. Attorney-Client Privilege

Defendants' motion for reconsideration should be denied. As Plaintiff points out, even without the affirmative defenses this Court relied upon in its Order dated March 6, 2012, Defendants' Answer has denied that discrimination occurred. See Answer [DE

---

[2] Plaintiff has sought a 30 day extension to file his response to Defendant's motion. That response is presently due on March 12, 2012. Plaintiff's counsel is unavailable from March 12 to 16 due to a pre-planned family vacation.

16] to ¶¶ 28, 31, 32, 33, 44, and 45 of Complaint [DE 1].  As this Court previously stated, Plaintiff has a right to explore these denials with the ultimate decisionmakers, the board members of Defendant La Mer, particularly because the record evidence shows that counsel was not the sole source of the board members' knowledge of the facts underlying their decision to reject Ms. Falin's application.  See Deposition of Kevin Rathvon, Exhibit A to Plaintiff's Reply to Defendants' Response to Plaintiff's Second Motion for Sanctions [DE 56-1].

This Court recognizes that the board members of La Mer are volunteers and should not be subjected to unnecessary depositions.  However, it is clear from the record that counsel's overuse of the attorney-client privilege objection has led to the present predicament.  The Court notes that contrary to Defendants' characterization of Magistrate Judge Seltzer's Order and this Court's order, Defendants have not been forced to waive attorney-client privilege.  Rather, Judge Seltzer reminded the deponents "of their obligation to disclose underlying factual information and of their waiver by implicitly relying on advice of counsel." Magistrate's Order, n. 3 at p.7 [DE 57].  Plaintiff's counsel was careful in his questions of these board members **not** to ask questions about advice given by Defendants' attorneys.  Defendants' counsel chose to repeatedly interject, prior to the witnesses' answers, that "to the extent you know [the answer to the question] from an attorney/client privilege communication, don't answer.  Otherwise you may answer." See Exhibits D – G [DE 39-4 through 39-7].  In the vast majority of these instances, the deponent said they cannot answer the question.

The Court concludes that in a disability discrimination case, Plaintiffs have a right to discover in advance of trial certain facts, including the motivations and decisions of

Defendant La Mer's board members regarding their denial of Plaintiff's application and request for reasonable accommodation. The Court denies Plaintiff's motion for additional sanctions.

### C.  Procedural Considerations

As an alternative form of relief, Defendants seek to further reduce the time allotted for each deposition from the three hours ordered by Judge Seltzer down to one hour per deponent. Defendants note that 18 hours of deposition is an unduly burdensome cost to Defendants. Plaintiff opposes any change to the three hour limit.

The Court will reduce the limit to two hours for each deposition. These depositions are already limited to the topics for which the deponents refused to answer questions. Other topics should have been covered in the initial depositions, each of which lasted approximately one hour. The Court is convinced that Plaintiff will not unduly prolong each deposition. As additional relief to Plaintiff, the Court will extend the deadline for taking these depositions until March 23, 2012, and will grant Plaintiff's motion for extension of time to respond to the summary judgment motion.

### III.  CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Defendants' Motion for Reconsideration of Order Overruling Objection [DE 64] is hereby **DENIED**;

2. Defendants' Request for Ruling Regarding Limitation of Depositions and Request for Expedited Consideration [DE 64] is hereby **GRANTED**, as each deposition is limited to two hours in length;

3. The depositions shall be completed by March 23, 2012.  Counsel shall cooperate

in scheduling these depositions, though no later than 5:00pm on March 8, 2012, Defendants shall provide to Plaintiff's counsel available dates and times for all witnesses (though not between March 12 and March 16);

4. Defendants' Notice of Taking Depositions in Accordance with March 1, 2012 Order [DE 67] is hereby **STRICKEN**;

5. Plaintiff's Third Motion for Sanctions [DE 66] is hereby **DENIED**;

6. Plaintiff's Verified Motion for Extension of Time to File Response to Motion for Summary Judgment [DE 60] is hereby **GRANTED**. The Response shall be due by April 11, 2012.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of March, 2012.

JAMES I. COHN
United States District Judge

Copies furnished to:

counsel of record