UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61903-CV-COHN

JAMES FALIN, individually and as
Attorney-in-Fact for ANTOINETTE FALIN,

Magistrate Judge Seltzer

    Plaintiff,

vs.

CONDOMINIUM ASSOCIATION OF
LA MER ESTATES, INC. and KEVIN RATHVON,

    Defendant.
_____/

**ORDER DENYING MOTION TO STRIKE WITNESS**
**ORDER GRANTING MOTION TO COMPEL ANSWERS TO DEPOSITION QUESTIONS**

**THIS CAUSE** is before the Court upon Defendants' Motion to Strike "Expert" Witness Joan Esnayra and Motion to Compel Answers to Deposition Questions [DE 53], Plaintiff's Response to Defendants' Motion [DE 82] and Defendants' Reply in Support of Motion to Strike [DE 85]. The Court has carefully considered the matter and is otherwise fully advised in the premises.

**I. BACKGROUND**

This case involves a dispute between James Falin, individually and as attorney-in-fact for his disabled mother, Antoinette Falin, and a condominium association known as La Mer Estates, Inc. ("La Mer") and La Mer's community association manager, Kevin Rathvon (collectively, "Defendants"). James Falin contends that Defendants discriminated against him and his mother by refusing to approve a lease of two apartments because of his mother's disabilities. Antoinette is 95 years old, suffering from both mental and physical disabilities, and uses the aid of an emotional support dog.

Complaint, ¶¶ 7, 10.  Along with their rental application, the Falins requested a reasonable accommodation from Defendant La Mer's no pet policy for the dog to live with Ms. Falin.  Id., ¶ 10.

## II.  DISCUSSION

Defendants move to strike Plaintiff's expert witness, Dr. Joan Esnayra, for failure to disclose prior testimony, failure to properly describe documents she reviewed, and because she is not a medical professional.  Plaintiff has proffered Dr. Esnayra as "an expert with regards to the use and training of animals for persons with disabilities." Response at 1.  Plaintiff further proffers that Dr. Esnayra, who holds a Ph.D. in Biology, would answer three questions to "be helpful for the court and the jury: (1) What is an emotional support dog, and what are the differences among therapy dogs, service animals and emotional support dogs?; (2) Are there any studies regarding the use of dogs for persons with Alzheimer's or dementia?; (3) In your review of videos and discussions [of Antoinette Falin], does Gypsy [her dog] qualify as an emotional support dog?"  Response at 3; Expert Report at 4-10.

### A.  Failure to Disclose Prior Testimony

Defendants contend that Dr. Esnayra failed to disclose that she also gave prior testimony in a similar case in the Southern District of Florida.  In response, Plaintiff points out that such testimony was given the day after Dr. Esnayra signed her expert report in this matter, and Dr. Esnayra testified about the other case in her deposition in this case. See Deposition of Joan Esnayra at 8-12, Exhibit B to Motion [DE 53-2].  As such, even if a violation of the spirit of Rule 26(a)(2)(B)(v) occurred ("a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition"),

2

such violation was cured two weeks later, with no prejudice to Defendants.[1]  The additional facts that Defendants put forth, such as that this other case also involved the Bazelon Center, the source of the allegedly fraudulent letter from Antoinette Falin's treating physician regarding her support dog, may all be matters for credibility, but are not a sufficient basis to strike the witness.

## B.  Failure to Properly Describe Documents

Defendants' next basis for seeking to strike Dr. Esnayra is that she allegedly failed to identify the documents she reviewed.  Her expert report states that she considered "some of Ms. Falin's case documents."  Expert Report at p. 4.  In her deposition, she testified that she reviewed all of the electronic files that she sent to counsel.  Esnayra Deposition at 72-74.  Plaintiff has supplied a copy of these emails, which were sent to Defendants' counsel Peter Valori.  Exhibit 4 to Plaintiff's Response [DE 82-4].  In reply, Defendants argue that these emails did not include case documents and "were not properly served."  Reply at 8.  From a review of the record, the Court concludes that the witness has not failed to identify the documents that she reviewed in preparation of her report.

## C.  Expert Is Not a Medical Professional

The main reason Defendants seek to strike Dr. Esnayra as a witness is that she is not a medical professional, and she is unqualified to render opinion testimony based in medicine or medical intervention.  Under the United States Supreme Court decision in

---

[1] Clearly, Dr. Esnayra must have known at the time she submitted her report in this action on January 29, 2012, that she was about to be deposed in the other matter.  Nevertheless, this oversight, cured two weeks later, is not a basis to strike her testimony.

3

Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993):

> scientific expert testimony is admissible when "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusion is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue". . . .Any proffer of scientific evidence is also subject to other rules of evidence. . . [including] Rules 401, 402, 403, 702 and 703.

Allison v. McGhan Medical Corp.,184 F.3d 1300, 1309 (11th Cir. 1999) (quoting City of Tuscaloosa v. Harcros Chemicals, Inc., 158 F.3d 548, 562 (11th Cir. 1998)).

The Eleventh Circuit has also recognized "the intricate role of Rule 403 in an expert testimony admissibility analysis . . . [as the Supreme Court] noted that expert testimony could be 'both powerful and quite misleading because of the difficulty in evaluating it.'" Allison, 184 F.3d at 1310 (quoting Daubert, 509 U.S. at 595). Defendants argue that Dr. Esnayra's testimony is "extremely dangerous and prejudicial." Motion at 7. Thus, the Court is mindful of Rule 403 throughout its analysis of the motion to strike.

In addressing the reliability of expert methodology, "[d]istrict courts 'have substantial discretion in deciding how to test an expert's reliability . . . .'" Rink v. Cheminova, Inc., 400 F.3d 1286, 1292 (11th Cir. 2005) (quoting United States v. Majors, 196 F.3d 1206, 1215 (11th Cir. 1999)). "Daubert instructs courts to consider the following factors: (1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community." McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002); Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd., 326

F.3d 1333, 1341 (11th Cir. 2003) (citing Daubert, 509 U.S. at 593-94).  This "test of reliability is 'flexible,' and Daubert's list of specific factors neither necessarily nor exclusively applies to all experts or in every case."  Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999).

      Dr. Esnayra's initial opinion is that Antoinette Falin's dog is an emotional support dog, rather than a therapy dog or a service dog.  Dr. Esnayra's main opinion is that persons with Alzheimers and/or dementia can experience reliable mitigation of their impairments upon exposure to and interaction with an emotional support dog.  Expert Report at 10.  While Dr. Esnayra has not herself conducted any studies on this topic, she has cited in her expert report to peer reviewed studies that have tested this theory, though it is unclear whether those studies used therapy dogs, service dogs, or emotional support dogs.  Id. at 11-12.  Under Daubert, her general theory has been tested and subjected to peer review and publication.  However, as Defendants argue, these studies were not done in a person's home, but in either a clinical, institutional or laboratory setting.  There is no testimony regarding the known or potential rate of error of the use of support dogs in a person's home.  Nonetheless, it does appear that the technique of using animals to comfort Alzheimers patients is generally accepted in the scientific community.

      The relevancy portion of the Court's Daubert analysis is often referred to as "fit."  In Allison, the Eleventh Circuit described this analysis as a requirement that:

> [T]he evidence must have a valid scientific connection to the disputed facts in the case. Daubert, 509 U.S. at 591, 113 S.Ct. 2786 (holding "scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes. . . .  Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to

5

admissibility"). This connection has been appropriately denominated as "fit." *Id.*

Allison, 184 F.3d at 1312. In the present case, Defendants assert that because Dr. Esnayra is not a medical professional, she should not be able to testify regarding medical issues because such testimony does not "fit" the facts in this case. Defendants cite to a radiation sickness action, wherein the district court excluded the testimony of an expert with a Ph.D. in biology, with a specialization on the effects of radiation on plants. In re TMI Litigation Cases Consolidated II, 911 F.Supp. 775, 809-810 (M.D. Pa. 1996). However, Dr. Esnayra has specialized in the use of support dogs for psychiatric patients and Plaintiff is not suggesting that she is giving medical testimony. Rather, she is opining that one can reasonably draw the conclusion that a person with Alzheimers can experience mitigation of her impairments by interaction with an emotional support dog. The Court does not find that the alleged "analytical leap" from the peer reviewed studies to the facts of this case to be as great as Defendants suggest. The Court concludes that under Daubert, Plaintiff has met his burden to allow Dr. Esnayra to testify. McClain v. Metabolife Intern., Inc., 401 F.3d 1233, 1238, n.2 (11th Cir. 2005).

### D. Motion to Compel Answers to Deposition Questions

As discussed above, although the Court denies the motion to strike Dr. Esnayra, Defendants are entitled to a more precise answer to their question regarding what literature exists that addresses whether a therapy or emotional support dog is beneficial to a person with dementia living at home. The Court grants this part of the motion.

## III.  CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Defendants' Motion to Strike "Expert" Witness Joan Esnayra  is hereby **DENIED**;

2. Defendants' Motion to Compel Answers to Deposition Questions [DE 53] is hereby **GRANTED**;

3. By April 17, 2012, Dr. Esnayra (though Plaintiff's counsel), shall provide a written answer to this question (whether she relied upon this literature or not): What literature exists that addresses whether a therapy or emotional support dog is beneficial to a person with dementia living at home?

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of April, 2012.

JAMES I. COHN
United States District Judge

Copies furnished to:

counsel of record