UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61903-CIV-COHN/SELTZER

JAMES FALIN,

    Plaintiff,

vs.

CONDOMINIUM ASSOCIATION OF
LA MER ESTATES, INC., and
KEVIN RATHVON,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendants' Motion for Summary Judgment [DE 54]. The Court has carefully considered the motion and related filings and is otherwise fully advised in the premises.

**I.  Background**[1]

This case involves a dispute between Plaintiff James Falin and a condominium association known as La Mer Estates, Inc. ("La Mer"), as well as La Mer's community association manager, Kevin Rathvon (together, "Defendants"). Plaintiff contends that Defendants discriminated against him and his disabled mother, Antonette Falin, by refusing to approve a lease of two condominium units because of his mother's disabilities.

---

[1] In evaluating Defendants' motion for summary judgment, the Court views the facts in the light most favorable to Plaintiff, the non-moving party. See Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006).

In late October 2010, the Falins submitted applications to lease two units in La Mer, one for Ms. Falin and one for Mr. Falin. The applications were conditioned on approval of the lease for both units. Ms. Falin is 95 years old and suffers from dementia and related disabilities. She owns a small dog, a three-pound Chihuahua. According to Mr. Falin, the dog provides Ms. Falin with emotional support and helps alleviate her anxiety and other symptoms. Although La Mer maintains a no-pet policy, the Falins requested a reasonable accommodation, under the federal Fair Housing Act, to allow Ms. Falin to keep her dog in the condominium unit. In support of this request, the Falins submitted a letter from Ms. Falin's physician, Dr. Maxine Hamilton, stating that Ms. Falin's dog helps alleviate her disabilities and recommending that she be allowed to keep the dog as an emotional-support animal.

Soon after submitting the lease applications, Mr. Falin personally introduced himself and his mother to Rathvon and explained Ms. Falin's medical need to keep her dog. At that time, Rathvon apparently expressed concerns about the dog. On November 15, 2010, Mr. Falin sent a letter to La Mer explaining that Ms. Falin's dog was twenty-two years old, could hardly walk, and almost never left her residence. The letter further stated that the Falins were available for an interview. On November 19, 2010, Rathvon wrote to Mr. Falin, on behalf of La Mer, advising him that Ms. Falin's lease application had been denied and that no interview would be scheduled. Defendants left open the possibility of approving Mr. Falin's application if he removed the condition that both applications be approved. Mr. Falin's counsel subsequently wrote to La Mer claiming that its actions violated Ms. Falin's rights as a disabled person. In response, Defendants reaffirmed their decision to deny Ms. Falin's lease application.

On August 26, 2011, Mr. Falin filed this action alleging that Defendants violated the federal, state, and local Fair Housing Acts by (1) failing to make a reasonable accommodation concerning La Mer's no-pet policy and (2) denying or making a dwelling unavailable for rental by a person with a disability.[2]  See 42 U.S.C. § 3604(f)(1), (f)(3)(B); Fla. Stat. § 760.23(7), (9)(b); Broward County, Fla., Code of Ordinances § 16½-35(f), (h)(2).  On November 9, 2011, the Court dismissed, for lack of standing, claims brought by Mr. Falin as attorney-in-fact for Ms. Falin.  DE 15 at 4-5.  However, the Court allowed Mr. Falin to proceed on his individual claims because he had adequately alleged that he was "associated with" Ms. Falin, a handicapped person.  Id. at 4; see 42 U.S.C. § 3604(f)(1)(C); Fla. Stat. § 760.23(7)(c).  Defendants now move for summary judgment on Mr. Falin's claims.

## II.    Discussion

### A.    Summary Judgment Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To satisfy this burden, the movant must point out to the Court that "there is an absence of

---

[2] According to the Complaint, on December 27, 2010, the Falins filed a housing-discrimination complaint with the United States Department of Housing and Urban Development and the Broward County Civil Rights Division.  On May 12, 2011, a finding of cause was issued against Defendants.

evidence to support the nonmoving party's case." Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts, and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  As Rule 56 explains, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).  Therefore, the non-moving party "may not rest upon the mere allegations or denials in its pleadings" but instead must present "specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576-77 (11th Cir. 1990).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker, 911 F.2d at 1577.  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

The Court's function at the summary-judgment stage is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249.  In making this determination, the Court must discern

which issues are material: "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. Moreover, in deciding a summary-judgment motion, the Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in his favor. See Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006).

### B. Defendants' Arguments

Defendants raise several arguments in support of summary judgment. As an initial matter, Defendants assert that the two counts alleged in Plaintiff's Complaint—one for failing to make a reasonable accommodation and the other for denying a rental based on disability—are duplicative. The Court agrees that the counts are redundant but declines to grant summary judgment on this basis.

As relevant here, the federal Fair Housing Act ("FHA," as amended by the Fair Housing Amendments Act of 1988) makes it unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of . . . that buyer or renter [or] any person associated with that buyer or renter." 42 U.S.C. § 3604(f)(1). The statute goes on to explain that "[f]or purposes of this subsection, discrimination includes . . . a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). Read together, these provisions make clear that refusing to make reasonable accommodations is one specific type of conduct that violates the FHA's general prohibition against denying housing based on disability. Moreover, both

counts pleaded in Plaintiff's Complaint focus on Defendants' alleged failure to make a reasonable accommodation concerning La Mer's no-pet policy.  Rather than granting summary judgment on one of the duplicate counts, however, the Court will construe the Complaint as alleging a single count for housing discrimination based specifically on Defendants' refusal to accommodate Ms. Falin's dog.[3]

To establish a reasonable-accommodation claim, a plaintiff must show that "(1) he [or a person associated with him] is disabled or handicapped within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) such accommodation was necessary to afford him [or the associated person] an opportunity to use and enjoy his dwelling, and (4) the defendants refused to make the requested accommodation." Hawn v. Shoreline Towers Phase 1 Condo. Ass'n, Inc., 347 F. App'x 464, 467 (11th Cir. 2009) (per curiam) (citing Schwarz v. City of Treasure Island, 544 F.3d 1201, 1218-19 (11th Cir. 2008)).  Here, Defendants' main arguments in support of summary judgment focus on the third element—specifically, whether the Falins' requested accommodation regarding Ms. Falin's dog was necessary to afford her an opportunity to use and enjoy the condominium unit.  Demonstrating that a proposed accommodation is necessary "requires at a minimum the showing that the desired accommodation will affirmatively enhance a disabled plaintiff's quality of life by ameliorating the effects of the disability." Bronk v. Ineichen, 54 F.3d 425, 429 (7th Cir. 1995).

---

[3] The state statutes and county ordinances Plaintiff relies on are substantially identical to the federal statutes discussed above.  See Fla. Stat. § 760.23(7), (9)(b); Broward County, Fla., Code of Ordinances § 16½-35(f), (h)(2).  Thus, the Court's analysis of Plaintiff's claim under federal law applies equally to his claims based on state and local law.  See Hawn v. Shoreline Towers Phase 1 Condo. Ass'n, Inc., 347 F. App'x 464, 467 & n.2 (11th Cir. 2009) (per curiam).

Defendants first point out that Ms. Falin's dog is not a "service animal" that is trained to perform a specific task, such as helping guide a blind person or recognizing the onset of seizures. Indeed, the record shows conclusively that the dog has no such training but instead serves as an "emotional-support animal" for Ms. Falin. This fact, however, is not dispositive of Plaintiff's claim. Some courts, looking to regulations promulgated under the Americans with Disabilities Act, have held that only a trained service animal may qualify as a reasonable accommodation under the FHA. See, e.g., Prindable v. Ass'n of Apartment Owners of 2987 Kalakaua, 304 F. Supp. 2d 1245, 1256-57 (D. Haw. 2003), aff'd on other grounds sub nom., Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua, 453 F.3d 1175 (9th Cir. 2006). But more recent decisions, recognizing that the FHA and its implementing regulations include no such training requirement, have concluded that an emotional-support animal may be a reasonable accommodation under the FHA when the animal is necessary for a disabled person to enjoy equal housing rights. See, e.g., Fair Housing of the Dakotas, Inc. v. Goldmark Prop. Mgmt., Inc., 778 F. Supp. 2d 1028, 1035-36 (D.N.D. 2011); Overlook Mut. Homes, Inc. v. Spencer, 666 F. Supp. 2d 850, 858-61 (S.D. Ohio 2009); cf. Majors v. Hous. Auth. of DeKalb Cnty., 652 F.2d 454, 457-58 (5th Cir. Unit B Aug. 1981) (reversing grant of summary judgment to housing authority on Rehabilitation Act claim concerning disabled person's emotional-support animal, and remanding for trial on factual issues).[4] This Court finds the latter decisions more persuasive and adopts their reasoning here. Accordingly, the fact that Ms. Falin's dog is an emotional-support

---

[4] Decisions by a Unit B panel of the former Fifth Circuit are binding precedent in the Eleventh Circuit. See Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982).

animal, rather than a trained service animal, does not entitle Defendants to summary judgment.

Defendants next argue that Plaintiff has failed to present medical evidence that the presence of Ms. Falin's dog helps alleviate her disabilities. In particular, Defendants challenge the accuracy of Dr. Hamilton's letter to La Mer concerning Ms. Falin's dog, emphasizing various admissions Dr. Hamilton made during her deposition. For example, Dr. Hamilton admitted that she had not "prescribed" an emotional-support animal for Ms. Falin, as stated in the letter. DE 54-2 at 38, 54. Dr. Hamilton also acknowledged that she had treated Ms. Falin since 2009—not since 2006, as the letter states. See id. at 38, 54. Indeed, Dr. Hamilton conceded that she had signed the letter (which Mr. Falin provided) without making sure that it was accurate. Id. at 38. Further, under questioning from defense counsel, Dr. Hamilton appeared to repudiate her opinion that the dog was medically helpful to Ms. Falin and could not say that the dog helped Ms. Falin any more than it would help a non-disabled person. Id. at 44-45.

Although these admissions are unfavorable to Plaintiff, other portions of Dr. Hamilton's testimony, viewed in the light most favorable to Plaintiff, would permit a reasonable jury to find that Ms. Falin's dog was necessary to alleviate her disabilities. Specifically, Dr. Hamilton opined that the dog helped remedy Ms. Falin's anxiety, difficulty in sleeping, and related symptoms. DE 54-2 at 35-36, 39; DE 89-1 at 52-55. That opinion was based on reports from Ms. Falin's family members and the doctor's own observations of Ms. Falin. Id. at 35-36, 39; DE 89-1 at 52-53. When asked by Plaintiff's counsel how Ms. Falin would react if she did not have her dog, Dr. Hamilton stated, "I think she would get very agitated, distraught, become difficult to . . . take care

8

of." DE 89-1 at 58-59.  This testimony is substantial evidence that would support a finding in Plaintiff's favor on the necessity element of his reasonable-accommodation claim.  See Anderson, 477 U.S. at 257; Walker, 911 F.2d at 1577.  And to the extent this evidence conflicts with Dr. Hamilton's other testimony, it is the role of the jury—not this Court—to resolve that conflict.  See Anderson, 477 U.S. at 249; see also Stewart v. Booker T. Washington Ins., 232 F.3d 844, 848 (11th Cir. 2000) (explaining that a court ruling on a summary-judgment motion "must avoid weighing conflicting evidence or making credibility determinations").

The Court has considered Defendants' remaining arguments and finds them unavailing.  Defendants' assertion that certain elements of Plaintiff's damages are speculative does not warrant summary judgment, given that Plaintiff seeks other relief as well.  These arguments are more appropriately considered in connection with Defendants' pending motion in limine regarding evidence of damages [DE 100]. Defendants also contend that Plaintiff was not the subject of housing discrimination because his lease application was never denied.  The Court rejected a similar argument raised in Defendants' motion to dismiss, see DE 15 at 4 (explaining that "Mr. Falin is clearly associated with his mother" and "[h]is application to rent was contingent upon the approval of the application of his mother"), and Defendants offer no evidence to refute that conclusion.  Last, Defendants' argument that the Fair Housing Act unconstitutionally impairs La Mer unit owners' pre-existing contract rights is meritless. See Seniors Civil Liberties Ass'n, Inc. v. Kemp, 761 F. Supp. 1528, 1558 (M.D. Fla. 1991) ("The [Fair Housing] Act and the rules promulgated thereunder set rules for *future* use and transfer and interfere with the expectations of past purchasers only regarding

the future use of their property by themselves and by others. . . . [T]he [Supreme] Court [has] stated that the 'cases are clear that legislation readjusting rights and burdens is not unlawful solely because it upsets otherwise settled expectations.'" (quoting Usery v. Turner Elkhorn Mining Co., 428 U.S. 1, 16 (1976))), aff'd, 965 F.2d 1030 (11th Cir. 1992) (per curiam).

### III.   Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Summary Judgment [DE 54] is hereby **DENIED**;

2. Calendar Call remains set for June 14, 2012, at 9:00 a.m.

3. Trial will begin on June 18, 2012, at 9:00 a.m.

4. Consistent with the Court's prior Orders, the following pretrial deadlines remain:

| | |
|---|---|
| Joint pretrial stipulation and deposition designations for trial for unavailable witnesses | June 8, 2012 |
| Proposed jury instructions and verdict forms, voir dire questions, and objections to deposition designations and/or cross-designations | Calendar Call |

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of May, 2012.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:

Counsel of record via CM/ECF