UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61903-CIV-COHN/SELTZER

JAMES FALIN,

       Plaintiff,

vs.

CONDOMINIUM ASSOCIATION OF
LA MER ESTATES, INC., and
KEVIN RATHVON,

       Defendants.

_____/

## ORDER REGARDING POST-JUDGMENT MOTIONS

**THIS CAUSE** is before the Court upon several motions filed after the entry of judgment in favor of Defendants:  Plaintiff's Renewed Motion for Judgment as a Matter of Law and Request for a New Trial Pursuant to Rules 50(b) and 59 and Injunction Pursuant to Rule 65 [DE 184]; Defendants' Motion for Bill of Costs [DE 191]; Plaintiff's Motion to Stay Award of Costs [DE 193, 194]; Defendant Kevin Rathvon's Motion for Attorneys' Fees and Costs [DE 198]; Plaintiff's Motion to Bifurcate Pursuant to Rule 54(d)(2)(C) [DE 199]; and Plaintiff's Rule 11 Motion for Sanctions [DE 200].  The Court has carefully reviewed these motions, all related filings, and the record in this case, and is otherwise fully advised in the premises.

## I.    Background

This case involves allegations by Plaintiff James Falin that the Condominium Association of La Mer Estates, Inc. ("La Mer"), and La Mer's community association manager, Kevin Rathvon (together, "Defendants"), discriminated against Mr. Falin and his disabled mother, Antonette Falin, by denying a lease for two condominium units

because of Ms. Falin's disabilities.  Specifically, based on La Mer's no-pet policy,

Defendants denied the Falins' request to allow Ms. Falin to keep her dog in one of the

units.  Plaintiff maintains that the dog provides Ms. Falin with emotional support and

helps alleviate her dementia and related symptoms.

On August 26, 2011, Plaintiff filed this action claiming that Defendants' refusal to

accommodate Ms. Falin's dog constituted housing discrimination in violation of the

federal, state, and local Fair Housing Acts.  See DE 1; 42 U.S.C. § 3604(f)(1), (f)(3)(B);

Fla. Stat. § 760.23(7), (9)(b); Broward County, Fla., Code of Ordinances § 16½-35(f),

(h)(2).[1]  On May 28, 2012, the Court denied Defendants' Motion for Summary

Judgment.  See DE 124.  As relevant here, the Court concluded that the record

evidence—in particular, the deposition testimony of Dr. Maxine Hamilton, Ms. Falin's

physician—created a triable issue of fact about whether Ms. Falin's emotional-support

dog was necessary to alleviate her disabilities.  See id. at 8-9; Bronk v. Ineichen, 54

F.3d 425, 429 (7th Cir. 1995).

Beginning on June 18, 2012, the Court held a six-day jury trial in this case.

During the course of trial, both Plaintiff and Defendants moved for judgment as a matter

of law.  See DE 159, 170; Fed. R. Civ. P. 50(a).  The Court granted judgment as a

matter of law to Defendant Kevin Rathvon but otherwise denied the parties' Rule 50

motions concerning liability.  See DE 168, 171.[2]  On June 27, 2012, the jury returned a

---

[1]  Although Mr. Falin himself is not disabled, the Court earlier ruled that he could proceed as a plaintiff because he had adequately alleged that he was "associated with" Ms. Falin, a handicapped person.  DE 15 at 4; see 42 U.S.C. § 3604(f)(1)(C); Fla. Stat. § 760.23(7)(c).  However, the Court dismissed, for lack of standing, claims brought by Mr. Falin as attorney-in-fact for Ms. Falin.  See DE 15 at 4-5.

[2]  The Court granted Plaintiff's Rule 50 motion regarding Defendants' direct-threat defense.  See DE 171.

verdict for Defendant La Mer, finding that it had not failed to provide a reasonable and necessary accommodation to the Falins.  See DE 178 at 1.  That same day, the Court entered judgment in favor of Defendants and against Plaintiff.  See DE 183.  The parties later filed and briefed the present motions, which are ripe for decision.

## II.     Discussion

### A.     Plaintiff's Motion for Judgment as a Matter of Law and New Trial

Plaintiff has filed a renewed motion for judgment as a matter of law, as well as a motion for a new trial on damages.  See DE 184; Fed. R. Civ. P. 50(b); Fed. R. Civ. P. 59(a)(1)(A).[3]  Essentially, Plaintiff argues that the evidence presented at trial compels the conclusion that allowing Ms. Falin to keep her dog in the La Mer condominium unit was a reasonable and necessary accommodation.

When ruling on a motion for judgment as a matter of law, the Court reviews all evidence in the record and draws all reasonable inferences in favor of the non-moving party.  See Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1192-93 (11th Cir. 2004).  "The trial judge may not re-weigh the evidence, make credibility determinations or substitute its judgment for that of the jury."  Hudson v. Chertoff, 473 F. Supp. 2d 1279, 1283 (S.D. Fla. 2007) (internal quotation marks omitted).  Judgment as a matter of law is appropriate "only if the facts and inferences point so overwhelmingly in favor of the movant that reasonable people could not arrive at a contrary verdict."  Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs, 162 F.3d 653, 656 (11th Cir. 1998) (alteration & internal quotation marks omitted).

---

[3]  In connection with these motions, Plaintiff also requests an injunction requiring La Mer to permit the Falins to live there with Ms. Falin's dog.  See DE 184.

3

In evaluating a motion for a new trial, "a trial judge must determine if in his opinion, the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict."  Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir. 1984) (alteration & internal quotation marks omitted).  "To assure that the judge does not simply substitute his judgment for that of the jury, . . . new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence."  Id. (alteration & internal quotation marks omitted).  A motion for a new trial is left to the sound discretion of the trial court.  See Hercaire Int'l, Inc. v. Argentina, 821 F.2d 559, 562 (11th Cir. 1987).

To prevail on his reasonable-accommodation claim under the Fair Housing Act ("FHA"), Plaintiff was required to show that "(1) he [or a person associated with him] is disabled or handicapped within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) such accommodation was necessary to afford him [or the associated person] an opportunity to use and enjoy his dwelling, and (4) the defendants refused to make the requested accommodation."  Hawn v. Shoreline Towers Phase 1 Condo. Ass'n, Inc., 347 F. App'x 464, 467 (11th Cir. 2009) (per curiam) (citing Schwarz v. City of Treasure Island, 544 F.3d 1201, 1218-19 (11th Cir. 2008)).  The parties' dispute in this case focused primarily on the third element—whether the requested accommodation of Ms. Falin's dog was necessary to afford her an opportunity to use and enjoy the condominium unit.  Demonstrating that a proposed accommodation is necessary "requires at a minimum the showing that the desired accommodation will affirmatively enhance a disabled plaintiff's quality of life by ameliorating the effects of the disability."  Bronk, 54 F.3d at 429.

4

In denying Defendants' summary-judgment motion, as well as the Rule 50(a) motions by Plaintiff and La Mer, the Court determined that whether Ms. Falin's dog helped alleviate her disabilities was a question of fact for the jury. The Court explained that certain portions of Dr. Hamilton's testimony, "viewed in the light most favorable to Plaintiff, would permit a reasonable jury to find that Ms. Falin's dog was necessary to alleviate her disabilities." DE 124 at 8.[4] Based on observations of Ms. Falin and reports from her family members, Dr. Hamilton opined that the dog helped remedy Ms. Falin's anxiety, difficulty in sleeping, and related symptoms. See DE 54-2 at 35-36, 39; DE 89-1 at 52-55. When asked by Plaintiff's counsel how Ms. Falin would react if she did not have her dog, Dr. Hamilton stated, "I think she would get very agitated, distraught, become difficult to . . . take care of." DE 89-1 at 58-59.

But other parts of Dr. Hamilton's testimony, viewed in the light most favorable to Defendants, refuted Plaintiff's claim that Ms. Falin's dog helped alleviate her disabilities. In response to questions from defense counsel, Dr. Hamilton appeared to repudiate her opinion that the dog was medically helpful to Ms. Falin and could not say that the dog helped her any more than it would help a non-disabled person. See DE 54-2 at 44-45. Based on this testimony alone, the jury could have reasonably found that Ms. Falin's dog did not ameliorate the effects of her disability and therefore was not a necessary accommodation. See Bronk, 54 F.3d at 429.

More, as Defendants stressed throughout this case, Dr. Hamilton admitted that a letter she had sent to La Mer regarding the alleged necessity of Ms. Falin's dog contained inaccurate statements. For example, Dr. Hamilton conceded that she had

---

[4] The Court's summary-judgment Order relied on Dr. Hamilton's deposition testimony, and that same testimony was read to the jury at trial. See DE 124, 156.

not "prescribed" an emotional-support animal for Ms. Falin, as stated in the letter.
DE 54-2 at 38, 54.  Dr. Hamilton further acknowledged that she had treated Ms. Falin since 2009, not since 2006, as stated in the letter.  See id. at 38, 54.  Indeed, Dr. Hamilton admitted that she had signed the letter—which Plaintiff wrote and provided to her—without making sure that it was accurate.  See id. at 38.  Drawing all reasonable inferences in Defendants' favor, these facts raised questions about whether Dr. Hamilton had made an independent and informed judgment about the dog's effect on Ms. Falin's condition.  Despite Plaintiff's efforts to minimize this evidence, the jury was entitled to consider it in assessing Dr. Hamilton's credibility.

Plaintiff also asserts that the testimony of other trial witnesses—including Plaintiff himself, Ms. Falin, and her paid caretaker—showed that Ms. Falin's dog was a necessary accommodation.  The jury, however, was not required to credit the testimony of these witnesses, especially given their personal interests in the outcome of this case. See DE 182 at 3 (jury instruction regarding credibility of witnesses).  And as the Court noted in ruling on various trial motions, the evidence of inaccuracies in Dr. Hamilton's letter to La Mer—which Plaintiff wrote—were relevant to Plaintiff's own credibility.

In sum, based on the evidence produced at trial, the jury reasonably determined that Defendants had not "violated the Fair Housing Act by failing to provide a reasonable and necessary accommodation requested by [the Falins]."  DE 178 at 1.[5]

_____

[5]  Plaintiff argues that "the jury made its decision to find for the Defendants based on an incorrect standard—that the accommodation was not medically necessary."  DE 184 at 17-18.  This argument is meritless.  The Court's jury instructions did not include any requirement of medical necessity.  See DE 182 at 8.  Further, the Court barred Defendants from suggesting to the jury that "Plaintiff must present medical or expert testimony in order to prove that the requested accommodation concerning Ms. Falin's dog would ameliorate the effects of her disability."  DE 153 at 1.  Nothing in the record supports Plaintiff's claim that the jury applied a medical-necessity standard.

For the same reasons, the Court finds that the jury's verdict was not against the clear weight of the evidence, nor did it result in a miscarriage of justice. The Court therefore denies Plaintiff's motions for judgment as a matter of law and for a new trial.[6]

### B.   Defendants' Motion for Bill of Costs and Plaintiff's Motion to Stay Award of Costs

Based on the Court's entry of judgment in their favor, Defendants move to tax costs against Plaintiff. See DE 191; 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)(1); S.D. Fla. L.R. 7.3(c).[7] The requested costs total $3,391.60 and include charges for depositions, witness fees, and photocopies. While Plaintiff does not dispute that Defendants are generally entitled to recover costs, he does object to some of the costs sought by Defendants.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees— should be allowed to the prevailing party." A prevailing party's recoverable costs are listed in 28 U.S.C. § 1920.[8] Here, because the Court entered judgment in favor of

---

[6]  In view of this ruling, the Court also denies Plaintiff's request for an injunction. See supra note 3.

[7]  Defendants did not file a memorandum supporting their Motion for Bill of Costs, as required by Local Rule 7.3(c). Nevertheless, Defendants have provided sufficient documentation for the Court to evaluate their claims for costs.

Also, Plaintiff has moved to stay any award of costs until the Court rules on his motions for judgment as a matter of law and for a new trial. See DE 193, 194. Since the Court has denied those motions herein, Plaintiff's motion to stay is denied as moot.

[8]  Section 1920 provides that the following costs are taxable:  (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and distributions for printing and witnesses; (4) fees for exemplification and copies of materials necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.  See 28 U.S.C. § 1920.

Defendants, they are the prevailing parties and are entitled to recover taxable costs as allowed by section 1920.

Having carefully reviewed Defendants' costs motion, the supporting documents, and the parties' briefs concerning the motion, the Court finds that most of the costs sought by Defendants are recoverable under 28 U.S.C. § 1920.  The following proposed costs, however, are not taxable against Plaintiff:

- Defendants may not recover $269.90 in optional charges associated with depositions, such as "Exhibits Scanned & OCRED" and shipping and handling, because Defendants have not shown that those services were necessary rather than merely convenient.[9]

- Defendants are not entitled to $85.46 in photocopying charges since the supporting invoices do not indicate the specific purpose of the copies and thus do not show that the copies were necessary for use in this case.[10]

Accordingly, the Court deducts a total of $355.36 from the requested costs of $3,391.60, awarding Defendants taxable costs of $3,036.24.

## C. Defendant Kevin Rathvon's Motion for Attorneys' Fees and Costs, Plaintiff's Motion to Bifurcate, and Plaintiff's Motion for Sanctions

Defendant Kevin Rathvon seeks attorney's fees and costs from Plaintiff on the basis that Plaintiff's claim against Rathvon was groundless.  See DE 198; 42 U.S.C. § 3613(c)(2) (providing that in a civil action under the FHA, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee and costs"); Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978) (holding that a nearly

---

[9]  See 28 U.S.C. § 1920(2); Patrick v. Bishop State Cmty. Coll., No. 10-0188-WS-M, 2011 WL 2784585, at *1 (S.D. Ala. July 15, 2011); Davis v. United States, 2010 WL 3835613, at *4-*5 (S.D. Fla. Sept. 7, 2010); Univ. of Miami v. Intuitive Surgical, Inc., 2007 WL 781912, at *1 (S.D. Fla. Mar. 13, 2007); DE 191-2 at 2, 4-6, 9-11.

[10]  See 28 U.S.C. § 1920(4); Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994); DE 191-3 at 6-12.

identical fee-shifting provision in Title VII allows a district court to award attorney's fees

to a prevailing defendant upon finding that "the plaintiff's action was frivolous,

unreasonable, or without foundation, even though not brought in subjective bad faith").

In response to Rathvon's motion, Plaintiff has moved for sanctions against Defendants

and their counsel, claiming that their efforts to obtain fees and costs are "frivolous as a

matter of fact and as a matter of law."  DE 200 at 9; see 28 U.S.C. § 1927 ("Any

attorney . . . who so multiplies the proceedings in any case unreasonably and

vexatiously may be required by the court to satisfy personally the excess costs,

expenses, and attorneys' fees reasonably incurred because of such conduct."); Fed. R.

Civ. P. 11(b)(1), (c) (authorizing sanctions against an attorney or party who presents a

motion "for any improper purpose, such as to harass, cause unnecessary delay, or

needlessly increase the cost of litigation").  The Court finds that both of these motions

lack merit and should be denied.[11]

Concerning Rathvon's motion for fees and costs, the Eleventh Circuit has

identified three factors "important in determining whether a claim is frivolous":

"(1) whether the plaintiff established a prima facie case; (2) whether the defendant

offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a

full-blown trial on the merits."  Sullivan v. Sch. Bd. of Pinellas Cnty., 773 F.2d 1182,

1189 (11th Cir. 1985).  These factors are "general guidelines only, not hard and fast

---

[11]  Plaintiff has also moved to bifurcate the issue of Rathvon's entitlement to fees
and costs from the amount of any such award.  See DE 199; Fed. R. Civ. P.
54(d)(2)(C); S.D. Fla. L.R. 7.3(a).  Because the Court will deny Rathvon's motion for
fees and costs, Plaintiff's motion to bifurcate is denied as moot.  Further, though the
parties have raised various procedural arguments regarding Rathvon's motion for fees
and costs and Plaintiff's motion for sanctions, the Court declines to address those
arguments and instead denies the motions on their merits.

rules."  Id.  "Determinations regarding frivolity are to be made on a case-by-case basis."

Id.

As noted above in Part I, the Court granted judgment as a matter of law to

Defendant Rathvon before submitting this case to the jury.  See DE 168.  Based on the

evidence offered at trial, the Court concluded that Rathvon had no authority to decide

whether Ms. Falin (or anyone else) could live at La Mer and that he acted solely at the

direction of La Mer's principals, namely, its screening committee and board of directors.

See Hous. Opportunities Project for Excellence, Inc. v. Key Colony No. 4 Condo. Ass'n,

Inc., 510 F. Supp. 2d 1003, 1013-14 (S.D. Fla. 2007) (indicating that whether an

individual agent can be held liable under the FHA depends on whether he personally

committed or contributed to a violation of the statute) (citing Dillon v. AFBIC Dev. Corp.,

597 F.2d 556, 562 (5th Cir. 1979)[12]).

Nevertheless, in denying Defendants' earlier motion to dismiss, the Court held

that Plaintiff had sufficiently pleaded a claim against Rathvon by alleging that he "wrote

the denial letter on behalf of La Mer and the letter reconfirming the denial, both with

knowledge that a Fair Housing Act issue had been raised."  DE 15 at 5.  Rathvon's

motion papers also indicate that Defendants made "numerous reasonable settlement

proposals" that included Plaintiff's claim against Rathvon.  DE 198 at 4; DE 204 at 4.

And the Court did not dismiss that claim until after all the trial evidence had been

presented.  In view of these factors, the Court declines to award attorney's fees and

costs to Rathvon.  See Sullivan, 773 F.2d at 1189; see also Walker v. NationsBank of

---

[12]  Decisions of the former Fifth Circuit issued before October 1, 1981, are
binding precedent in the Eleventh Circuit.  See Bonner v. City of Prichard, 661 F.2d
1206, 1209 (11th Cir. 1981) (en banc).

Fla. N.A., 53 F.3d 1548, 1559 (11th Cir. 1995) ("[A] plaintiff's claim should not be considered groundless or without foundation for the purpose of awarding fees to a prevailing defendant when the claims are meritorious enough to receive careful attention and review.").

By the same token, however, Rathvon's request for fees and costs does not come close to being sanctionable. Indeed, a plausible basis exists for Defendants' contention that Plaintiff lacked any factual support for his claim against Rathvon. Although the Court found that Plaintiff's allegations were adequate to survive dismissal at the pleading stage, Plaintiff points to no evidence obtained in discovery showing that Rathvon personally participated in the decision to deny the Falins' lease application. See Hous. Opportunities Project for Excellence, 510 F. Supp. 2d at 1013-14; see also Fed. R. Civ. P. 11(b)(3) (generally requiring that a party's "factual contentions have evidentiary support"). It is at least questionable, therefore, whether Plaintiff had any legitimate ground for further pursuing his claim against Rathvon. See Christiansburg Garment Co., 434 U.S. 422 (noting that attorney's fees may be imposed against a plaintiff who "continued to litigate" after it became clear that "his claim was frivolous, unreasonable, or groundless"). Thus, the Court denies Plaintiff's motion for sanctions.

### III.   Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Renewed Motion for Judgment as a Matter of Law and Request for a New Trial Pursuant to Rules 50(b) and 59 and Injunction Pursuant to Rule 65 [DE 184] is **DENIED**;

2. Defendants' Motion for Bill of Costs [DE 191] is **GRANTED IN PART and DENIED IN PART**. Defendants shall recover total costs of $3,036.24 from

Plaintiff.  The Court will enter a separate final judgment regarding these costs.

Plaintiff's Motion to Stay Award of Costs [DE 193, 194] is **DENIED as moot**; and

3.      Defendant Kevin Rathvon's Motion for Attorneys' Fees and Costs [DE 198] is

**DENIED**.  Plaintiff's Motion to Bifurcate Pursuant to Rule 54(d)(2)(C) [DE 199] is

**DENIED as moot**.  Plaintiff's Rule 11 Motion for Sanctions [DE 200] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 11th day of February, 2013.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:

Counsel of record via CM/ECF